UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


WENDELL DWAYNE O'NEAL,                          CIVIL NO. 07-4230 (ADM/JSM)

      Plaintiff,

v.                                              <u>REPORT AND RECOMMENDATION</u>

CITY OF ST. PAUL,
MANUEL CERVANTES,
TERESA SKARDA,
ANDREA MILLER,
GEORGE T. STEPHENSON,
JOHN J. CHOI,
JESSICA MCCONNELLY,
RAMSEY COUNTY,
MR. GILL,
AUTUMN X. NELSON, and
UNKNOWN STUDENT ATTORNEY,

      Defendants.


JANIE S. MAYERON, United States Magistrate Judge

The above matter came on before the undersigned upon the motion of defendants City of St. Paul, Manuel Cervantes, Teresa Skarda, Andrea Miller, John J. Choi, and Jessica McConnelly Motion to Dismiss, or in the Alternative, for Summary Judgment [Docket No. 23]; defendants George T. Stephenson, David J. Gill, Autumn X. Nelson, and Unknown Student Attorney Motion to Dismiss [Docket No. 35]; defendant's Ramsey County Motion for Summary Judgment [Docket No. 50]; and upon plaintiff's First Motion for Partial Summary Judgment Against Defendants, Ramsey County [Docket No. 32] and First Motion for Partial Summary Judgment Against Defs. City; Choi; Skarda; Miller; Stephenson, and McConnelly [Docket No. 39].

Defendants City of St. Paul, Manuel Cervantes, Teresa Skarda, Shari Moore, Andrea Miller, John Choi, and Jessica McConnelly (hereinafter referred to collectively

as the "City Defendants") were represented by Judith A. Hanson, Esq.  Defendants George T. Stephenson, David J. Gill and Autumn X. Nelson were represented by John S. Garry, Esq. (hereinafter referred to collectively as the "State Defendants"). Defendant Ramsey County was represented by C. David Dietz, Esq.  Plaintiff appeared on his own behalf pro se.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

For the following reasons, the Court recommends that defendants' motions to dismiss or for summary judgment be granted, and plaintiff's motions for summary judgment be denied.

## I.     BACKGROUND

This suit arises out of an incident which took place at the Radisson Hotel in St. Paul on August 15, 2005, at which time plaintiff was arrested by the St. Paul Police Department in the early hours of the morning, taken into custody, and released the next day after he pled guilty before Ramsey County District Judge George Stephenson to the petty misdemeanor charge of trespass.  Plaintiff moved to withdraw his guilty plea but failed to appear at the hearing scheduled by Judge Stephenson, who consequently upheld plaintiff's conviction.  See O'Neal v. State of Minnesota, 2006 WL 2947470 at *1 (Minn.Ct.App. Oct. 17, 2006), rev. denied Dec. 20, 2006 (hereafter "O'Neal I"); Dietz Aff., Ex. D (Order Denying Petition for Post-Conviction Relief).  Judge Stephenson's denial of the petition for post-conviction relief was affirmed by the Minnesota Court of Appeals, and the Minnesota Supreme Court denied review on December 20, 2006. 2006 WL 2947470 at *1; Hanson Aff. Ex. 9 (Order in O'Neal v. State of Minnesota,

A05-2330 (Minn. Dec. 20, 2006).  Plaintiff then filed a second petition for post-conviction relief on August 21, 2007.  See O'Neal v. State of Minnesota, 2008 WL 2496998 at *1 (Minn.Ct.App. June 24, 2008), rev. denied Aug. 5, 2008 (hereafter "O'Neal II").  The district court summarily denied the petition on the grounds that his claims were procedurally barred, the Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied review on August 5, 2008.  Id.

Since plaintiff's conviction for trespass, plaintiff has filed a number of cases, in both Minnesota state court as well as federal court, regarding the incident and subsequent events relating to the incident.

In Ramsey County District Court in the State of Minnesota, plaintiff filed the following cases:

- O'Neal v. Crumb, St. Paul Police Department and City of St. Paul, Ramsey County Court File No. C9-06-3086 (filed April 4, 2006);

- O'Neal v. Moore, Graupmann, Fang, Crum and City of St. Paul, Ramsey County Court File No. C1-06-4913 (filed May 16, 2006);

- O'Neal v. Moore, Ramsey County Court File No. C6-06-6690 (filed July 5, 2006);

- O'Neal v. Cook, Crestline, Graupmann, St. Paul Police Department, and the City of St. Paul, Ramsey County Court File No. CX-06-6756 (filed July 11, 2006);

- O'Neal v. Moore, Ramsey County Court File No. C2-06-7240 (filed July 26, 2006);

- O'Neal v. Fang sic Vang, Skarda, Riley, Choi, St. Paul City Attorney's Office, and the City of St. Paul, Ramsey County Court File No. CX-06-7244 (filed July 26, 2006).

Of these Ramsey County District Court matters, Case No. C9-06-003086 was dismissed by the Court after plaintiff agreed with defendant's motion to dismiss.  See Order of Judge De Courcy dated June 15, 2006 (Hanson Aff., Ex. 4).  Case No.  C1-06-

4913 was removed to federal court by defendants.  Case Nos. C2-06-7240, CX-06-6756, CX-06-7244 and C6-6690 were all dismissed by Order of Judge Higgs on April 5, 2007.  See Order dated April 5, 2007 (Hanson Aff., Ex. 4).

In federal court, plaintiff filed the following cases in addition to the present case:

- O'Neal v. Unknown 911 Dispatcher, Vang, St. Paul Police Department and the City of St. Paul, 05-cv-1865 (RHK/JSM) (filed August 22, 2005);

- O'Neal v. Unknown 911 Dispatcher, Vang, Higgins, St. Paul Police Department, St. Paul City Attorney, Assistant Prosecutor, Autumn X. Nelson, Office of Public Defender, City of St. Paul, Unknown Radisson Hotel Security Chief, and Unknown Radisson Hotel Manager, 05-cv-1897 (JMR/FLN) (filed August 22, 2005);

- O'Neal v. Fang –sic Vang, St. Paul Police Department, Autumn X. Nelson, City of St. Paul and Manuel Cervantes, 05-cv-2464 (DSD/SRN) (filed October 25, 2005);

- O'Neal v. Moore, Crum, Vang, Graupmann, Choi and the City of St. Paul, 06-cv-2336 (ADM/JSM) (filed June 8, 2006);

- O'Neal v. Cook, Radisson, City of St. Paul, Cervantes, Choi, Vang, Capital City Properties, St. Paul Port Authority Prpty., Unknown Manager, Unknown Security Person, Moore, Crestline Hotel Management and Carlson, 07-cv-2803 (ADM/JSM) (filed June 13, 2007);

- O'Neal v. City of St. Paul, Vang, Ramsey County, Susan Gaertner, Patricia Leski, Bob Fletcher, Greg Slatter and Unknown Ramsey County Deputy Sheriff, 07-cv-3947 (ADM/JSM) (filed September 11, 2007).

Case Nos. 05-1865 and 05-1897 were voluntarily dismissed by plaintiff.  In Case No. 05-2464, plaintiff was denied in forma pauperis status because he had failed to state a claim upon which relief could be granted and the case was dismissed.  Case No. 06-2336 was dismissed on summary judgment.  The remaining two cases, Case Nos. 07-2803 and 07-3947, in addition to the present case, are pending before this Court, and are subject to separate Report and Recommendations recommending dismissal.

In <u>O'Neal v. Fang -sic Vang, et al</u>., Case No. 05-2464 (D.Minn., filed Oct. 25, 2005) (DSD/SRN), plaintiff brought suit in this court against Unknown 911 Dispatcher, Vang, the City of St. Paul, Ramsey County Public Defender Autumn Nelson and City Attorney Cervantes.   <u>See</u> Hanson Affidavit, Ex., 3 (Order dated December 29, 2005 (J. Doty)).   The case arose from the same August 15, 2005 incident at the Radisson Hotel and made the same allegations as here, that Vang unlawfully detained him and deprived him of certain property, and that his guilty plea was unlawful.   It also alleged that Nelson and Cervantes coerced him into pleading guilty.   Plaintiff cited 42 U.S.C. §§ 1983, 1985, and 1988 as the basis for his claims of false arrest, unlawful detention, unlawful deprivation of property, unlawful search and seizure, intentional infliction of emotional distress, malicious prosecution and ethnic intimidation.   <u>See</u> Order dated December 29, 2005 (J. Doty), pp. 2-3.   Judge Doty concluded that plaintiff's claims of false arrest and malicious prosecution were barred by <u>Heck v. Humphrey</u>, which bars any civil rights suit for damages that would imply the invalidity of a state criminal conviction.   512 U.S. 477, 486-87 (1994).   Judge Doty also dismissed plaintiff's claims of unreasonable search, unlawful detention and intentional infliction of emotional distress on the grounds that they failed to allege any facts to support his claims, that his claim of unlawful deprivation of property did not constitute a § 1983 violation because he had a post-deprivation remedy pursuable in state court, and that his claim of ethnic intimidation stated no legal basis for such a claim.   <u>See</u> Dec. 29, 2005 Order, pp. 5-8. Plaintiff's application to proceed <u>in forma pauperis</u> was denied and the action was summarily dismissed.   <u>Id</u>. at 1.

In <u>O'Neal v. Moore, et al</u>., Case No. 06-2336 (filed June 8, 2006) (ADM/JSM), plaintiff brought suit against Sheri Moore, Officer Vang, City Attorney Choi and the City

of St. Paul, in addition to another St. Paul Police officer.  The suit stemmed directly from the events of August 15, 2005.  Plaintiff claimed that defendants violated the MGDPA regarding his request for records following his arrest and conviction for trespass from the August 15, 2005 incident at the Radisson Hotel.  Plaintiff sought relief under the MGDPA for defendants' alleged failure to create records, their creation of allegedly false records, their statements regarding the requirements of the MGDPA, their alleged efforts to conceal records, and ultimately, their failure to produce records sought by plaintiff at all or on a timely basis.  Plaintiff also asserted that defendants' conduct relating to the encounter with him on August 15, 2005 at the Radisson Hotel, and the subsequent handling of his request for records bearing on that encounter, amounted to discrimination against plaintiff, a violation of his civil rights, and a denial of equal protection under the law.  Additionally, plaintiff claimed that the City of St. Paul's policies, procedures, supervision, and training of its employees with respect to their obligations to respond to emergency calls, comply with the MGDPA, prepare reports, and accurately record information, violated his civil rights and various provisions of the MGDPA.  Plaintiff also claimed that defendants discriminated against him, failed to properly train and supervise, and implemented unlawful policies, practices, customs and procedures, all of which violated the MHRA, 42 U.S.C. §§1981, 1983, and 2000 et seq.  See Second Amended Complaint, 06-cv-2336 (ADM/JSM).  In that case, which was extensively litigated by plaintiff, Judge Montgomery adopted this Court's Report and Recommendation and granted defendants' motion for summary judgment and denying plaintiff's motion for summary judgment.  O'Neal v. Moore, 2008 WL 4417327 at *1 (D.Minn. Sept. 24, 2008).

On October 11, 2007, plaintiff commenced the instant action, and the next day, filed an Amended Complaint, which is now the subject of the current motions. [Docket No. 4]

## II.   FACTS

In his Amended Complaint, plaintiff set out in a rambling and hard-to-decipher style 141 paragraphs of facts. The salient facts[1] underlying this action are as follows:

Plaintiff stated he received social security for mental illness, is considered to be a political activist, is affiliated with the Melanic Islamic Palace of the Rising Sun, and is a Melanic Afrikan. Amended Complaint, ¶ 174-176.

On July 22, 2005, Officer Higgins of the St. Paul Police Department responded to a 911 call at 180 Kellogg Boulevard in St. Paul, Minnesota. When Officer Higgins arrived, he encountered plaintiff and asked him for identification. Plaintiff gave Officer Higgins his wallet. Plaintiff later discovered his wallet missing when he was traveling to Alabama and contacted the St. Paul Police Department, who told him it was in the property room and to contact the Department again so that he could retrieve it when he returned to Minnesota. Amended Complaint, ¶¶ 17-30.

Plaintiff returned to Minnesota on August 14, 2005 and went to the Radisson Hotel located in St. Paul, Minnesota. Plaintiff used a pay phone at the Radisson and called 911 in order to obtain his wallet from the St. Paul Police Department. Officer

---

[1]     Pursuant to Rules 12(b)(1) and 12(b)(6), this Court has concluded as to all defendants that plaintiff has failed to establish subject matter jurisdiction, or alternatively, to state claims upon which relief can be granted. Therefore, for the purpose of the Court's recitation of the facts, it accepts as true all of the factual allegations of the Amended Complaint. See Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)); Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982)).

Vang responded to the 911 call.  Due to what plaintiff perceived as assaultive behavior by Officer Vang, plaintiff called 911 again to request another officer to come to supervise Officer Vang.  Plaintiff also asked Nina Cook, a security officer at the Radisson, to call 911.  The St. Paul Police Department dispatched Officer Graupmann in response to the second 911 call.  Officer Vang did not issue plaintiff a citation. Instead, he arrested plaintiff.  Amended Complaint, ¶¶ 31 – 52, 79-80.

After arresting plaintiff, Officer Vang placed plaintiff's luggage in his patrol car, transported plaintiff to the Ramsey County Adult Detention Center and placed him in a holding cell.  Amended Complaint, ¶¶ 60-61, 63-66.  Later on August 15, 2005, Officer Vang prepared reports stating that plaintiff had been arrested for both trespassing and disorderly conduct, and indicating that plaintiff had refused to leave the Radisson Hotel and began yelling profanities at staff when he was asked to leave.  These reports also indicated that plaintiff had no permanent address.   Officer Vang also prepared a Ramsey County Authority to Detain Form, which stated that plaintiff had no permanent address and the reason for detention was to prevent further criminal conduct.  Amended Complaint, ¶¶ 81-82, 84-85.

On August 15, 2005, at 7:21 a.m. Andrea Miller, Assistant St. Paul City Attorney, filed a criminal complaint against plaintiff alleging trespassing.  Plaintiff alleged that Chief Assistant City Attorney Teresa Skarda was responsible for supervising and training Miller; St. Paul City Attorney Manuel Cervantes was responsible for supervising and training Skarda; the City of St. Paul was responsible for supervising and training Cervantes.  Amended Complaint, ¶¶ 89-92.

That same morning, plaintiff met with a Ramsey County Court Intake officer who conducted a pre-release investigation and recommended that plaintiff be released on

his own recognizance.   Plaintiff also met with an unknown student attorney who communicated to him that Assistant City Attorney Miller had offered plaintiff a plea bargain to plead guilty to trespass in exchange for the City not charging him with disorderly conduct.   Plaintiff told the student attorney that he was not guilty and he would not appear before Judge Stephenson to plead guilty.   The student attorney told Miller that plaintiff rejected the plea offer.   The student attorney then communicated to him that if signed an unidentified document provided by the City Attorney's office, he would be released immediately, and if not, he would remain in custody for several days. Plaintiff signed the document without reviewing it.   Plaintiff was released later that morning.  Amended Complaint, ¶¶ 93-95, 97-105.

According to plaintiff, records provided by Ramsey County stated that he was sentenced by defendant Judge George Stephenson at 8:30 a.m.   These records also indicated that he had been transferred to court at 8:48 a.m. for the purpose of entering a guilty plea before Judge Stephenson.   Plaintiff alleged that he did not appear in court before Judge Stephenson.  Amended Complaint, ¶¶ 75-77, 106, 109-111.

Plaintiff obtained records from the City of St. Paul, Ramsey County and Qwest Communications regarding the 911 calls he placed from the Radisson Hotel, as well as his arrest and detention records from August 15, 2005.  Records from the City indicated that on August 15, 2005, the City filed a complaint charging plaintiff with a petty misdemeanor trespass and he was sentenced to a $50 fine by Judge Stephenson.  The detention records he obtained from Ramsey County stated he had pled guilty to a petty misdemeanor, and are maintained in public files and accessible to the public.  Plaintiff believed that some of the records he sought were deliberately not produced, and that

the records he received were falsified.  Amended Complaint, ¶¶ 52-59, 72-74, 111-113, 115-16.

Plaintiff communicated with Ramsey County Public Defender Autumn Nelson and Mr. Gill of the Ramsey County Public Defender Office regarding plaintiff's request that she represent him on his post-conviction appeal.  Plaintiff was refused representation based on Ramsey County Public Defender policy, which plaintiff claimed was unlawful. Amended Complaint, ¶¶ 119-122.

Plaintiff challenged his conviction for trespass and filed a motion regarding his plea before Judge Stephenson.  After plaintiff did not appear at the scheduled hearing, Judge Stephenson denied plaintiff's motion.  Plaintiff appealed his conviction to the Minnesota Court of Appeals.  The appellate brief of the City of St. Paul was submitted by Assistant St. Paul City Attorney Jessica McConnelly to the Court of Appeals.  Plaintiff alleged that the facts in McConnelly's brief were contrary to her knowledge and known facts.  The Court of Appeals affirmed his conviction.  Plaintiff further appealed his conviction to the Minnesota Supreme Court which denied review.  Amended Complaint, ¶¶ 10, 124-136.

Plaintiff claimed that City Attorney Cervantes, City Attorney Choi, Assistant City Attorney Miller, Judge Stephenson, Ramsey County Public Defender Nelson and the unknown student attorney all falsely alleged that he had been convicted of a petty misdemeanor.  In addition, during the appeal of his conviction to the Minnesota Court of Appeals, Choi provided falsified facts contained in Officer Vang's police report and omitted other facts.  Based on these false and omitted facts, the Court of Appeals affirmed plaintiff's conviction.  Amended Complaint, ¶¶ 123, 129-135, 141.

Plaintiff also claimed that the City of St. Paul had denied multiple requests he had made under the Minnesota Data Practices Act (MGDPA) for documents regarding the 911 emergency call records and the arrest reports of Officer Vang, which inhibited his ability to present sufficient facts to Judge Stephenson and the Court of Appeals to reverse his conviction.  Amended Complaint, ¶¶ 127-129.

Plaintiff subsequently instituted a lawsuit based on the alleged MGDPA violations in federal court (O'Neal v. Moore, et al., No. 06-2336 (J. Montgomery) (filed June 6, 2006)) in pursuit of the records he initially sought.  As a result of evidence he obtained in this case, plaintiff filed another motion before Judge Stephenson to challenge his conviction, which was denied.  Amended Complaint, ¶¶ 137-140.

## III.   ALLEGATIONS

Plaintiff asserted 29 different Counts against all of the defendants in this case.[2] While the legal bases for each Count varied slightly from count to count, generally plaintiff asserted that his claims were based on violations of Minnesota tort laws. Minnesota and federal discrimination statutes prohibiting discrimination,[3] or the First, Fourth, Sixth or Fourteenth Amendments of the U.S. Constitution.[4]

---

[2]   Plaintiff's Complaint originally contained Counts XVI and XVII; however, on June 8, 2008, plaintiff filed a motion dismissing those claims.  See Plaintiffs Ex Parte Claims Dismissal Against Defendants, Ramsey [Docket No. 72].

[3]   Minn. Stat. § 363A, and   42 U.S.C. §§ 1983, 1985(1)(2)(3), 1986, 1988 and 2000a).

[4]   Because this Court's decision does not rest on analysis of the merits of plaintiff's claims, the Court has refrained from listing for each Count every statute or amendment that plaintiff asserted had been violated in that Count.

A.      **Claims Against the City of St. Paul Defendants**

In Count II, plaintiff alleged that the City of St. Paul abused lawful criminal process and maliciously prosecuted him. Amended Complaint, ¶ 142. In Count III, plaintiff charged that the City of St. Paul denied him procedural and substantive due process. Id., ¶ 143. These Counts stem from plaintiff's allegations that the City of St. Paul and Assistant City Attorney Miller filed the criminal complaint charging him with trespass without having a certificate of arrest from Nina Cook, and a guilty plea was obtained without his appearance. Id., ¶¶142-143. According to plaintiff, Officer Vang did not interview Nina Cook prior to placing plaintiff under arrest, nor did he obtain a citizens' arrest certificate. Id., ¶ 62.

Count IV accused the City of St. Paul of misrepresentation, libel and slander for alleging verbally and in writing to the public, the Minnesota Court of Appeals, and this Court that he was convicted of trespassing. Amended Complaint, ¶ 144. Count V claimed that the City of St. Paul intentionally inflicted mental anguish and emotional distress on him. Id., ¶ 145. According to plaintiff, his emotional distress resulted from the trespass complaint filed against him by Miller, and his appeal to Judge Stephenson, the Minnesota Court of Appeals and other agencies and officials. Id., ¶ 145.

Count VI charged City Attorney Cervantes with denial of procedural and substantive due process based on plaintiff's allegation that Cervantes filed the complaint of trespass without a certificate of arrest. Amended Complaint, ¶ 146. Count VII accused Cervantes with misrepresentation, alleging that Cervantes misrepresented, through Skarda and McConnelly, that plaintiff pled guilty to a petty misdemeanor while represented by counsel, where that information was contrary to his knowledge and facts. Id., ¶ 147.

Count X alleged that Assistant City Attorney Miller denied plaintiff procedural and substantive due process because she filed a complaint of trespass against him. Amended Complaint, ¶ 150.  Count XI accused Miller with misrepresentation because she alleged plaintiff pled guilty to a petty misdemeanor of trespass.  Id., ¶ 151.  Count XII charged Miller with intentional infliction of mental anguish and emotional distress because plaintiff has suffered multiple attempts to reverse his conviction, which never occurred.  Id.

Based on Miller's prosecution of plaintiff and attorney McConnelly's handling of plaintiff's appeal to the Minnesota Court of Appeals, plaintiff alleged in Counts VIII and IX that City Attorney Cervantes failed to properly train and supervise Chief Assistant Attorney Skarda and Assistant City Attorney Miller, and Skarda failed to properly train and supervise Miller and McConnelly.  Amended Complaint, ¶¶ 5, 6, 90-92, 148, 149.

Count XIII charged McConnelly with intentional infliction of mental anguish and emotional distress because McConnelly misrepresented in the appellate brief that plaintiff pled guilty to trespass contrary to her knowledge.  Amended Complaint, ¶ 153.  In Count XXVI, plaintiff accused McConnelly of misrepresentation because she represented to the Minnesota Court of Appeals facts supporting his conviction for trespassing while omitting facts that he had initiated the 911 calls from the Radisson hotel.  Id., ¶ 167.

Count XXVII charged City Attorney Choi with misrepresentation because Choi represented to the Court of Appeals that plaintiff had pled guilty to the trespass charge.  Amended Complaint, ¶ 168.  Count XXVIII accused Choi of intentional infliction of mental anguish and emotional distress because Choi caused plaintiff to believe he was convicted of trespass.  Id., ¶ 169.

B.      **Claims Against Ramsey County**

In Count XIV, plaintiff charged Ramsey County with denial of access to courts based on the failure of the Adult Detention Center deputies to release him or present him for arraignment.   Amended Complaint, ¶ 154.   Count XV alleged that Ramsey County failed to properly train or supervise the Adult Detention Center deputies who failed to release him   Count XVIII accused Ramsey County of libel and slander based on the verbal and written statements of the Adult Detention Center deputies that plaintiff had been transferred to court on August 15, 2005.   Id., ¶ 158.   Count XIX charged Ramsey County with intentional infliction of metal anguish and emotional distress due its denial of his access to the courts, its failure to train, and libel and slander.  Id., ¶ 159.

C.      **Claims Against the State Defendants**

Count XX alleged that Mr. Gill of the Ramsey County Public Defender's Office failed to properly train or supervise Ramsey County Attorney Nelson and the unknown student attorney.   Amended Complaint, ¶ 14, 160.   This claim is based on plaintiff's allegations that he was denied the opportunity for release, was never arraigned and never appeared before Judge Stephenson.  Id., ¶ 160.  Count XXI charged Nelson with failure to properly train and supervise the unknown student attorney.  Id., ¶ 162.

Count XXII accused the unknown student attorney with denial of assistance of effective counsel.  Amended Complaint, ¶ 16, 163.  Specifically, plaintiff complained that the unknown student attorney did not arrange for his release or appearance before Judge Stephenson for arraignment, where she could have told the court that plaintiff was mentally ill and had the charge dismissed instead of agreeing to his conviction.  Id., ¶ 163.   Count XXIII charged unknown student attorney with intentional infliction of mental anguish and emotional distress because she failed to demand his release and

instead professed that plaintiff was guilty through trickery and deceit. Id., ¶ 164. Count XXIV accused the unknown student attorney of misrepresentation because she stated to Judge Stephenson that plaintiff had pled guilty to the petty misdemeanor of trespass for him, which resulted in his conviction. Id., ¶ 165. Count XXV charged the unknown student attorney with libel and slander because she verbally communicated and also published writings to Judge Stephenson, Mr. Gill and Ramsey County Public Defender Nelson that plaintiff had admitted guilt and had pled guilty. Id., ¶ 166.

In Count XXIX, plaintiff charged Judge Stephenson with denial of procedural and substantive due process because Judge Stephenson denied plaintiff the opportunity to appear for a post-conviction appeal on two occasions. Amended Complaint, ¶ 170. Count XXX accused Judge Stephenson with misrepresentation because he published an order denying plaintiff's post-conviction motion and alleged to have presided over a trespass conviction plea proceeding that never took place. Id., ¶ 171. Count XXXI charged Judge Stephenson with intentional infliction of mental anguish and emotional distress because he denied plaintiff the right to appear to contest a trespass conviction that never occurred. Id., ¶ 172. Count XXXII alleged that Judge Stephenson had committed libel and slander because he had published in two orders that plaintiff had appeared before him and was subsequently convicted of trespass. Id., ¶ 173.

**D.    Claim for Relief as to All Defendants**

By way of relief, plaintiff seeks the following:

A DECLARATORY RULING on whether he suffers a 15 AUG., 05., CONVICTION, before defendants, STEPHENSON, on an alleged TRESPASS, supra, filed in the 2nd Judicial Dist. Court of defendants, RAMSEY, county against him by defendants, CITY, through its attorney, CERVANTES, supra, where was never ARRAIGNED and, or APPEARED, for GUILTY PLEA…or, entered such PLEA…after having received a CITATION, which also never occurred in this case…

Amended Complaint, pp. 41-42.   Plaintiff further seeks "an INJUNCTIVE ORDER, precluding defendants, CITY and, or RAMSEY, through MINNESOTA from so alleging he suffered a 15 AUG., 05., TRESPASS, supra, CONVICTION, supra." Id., p. 42. Additionally, plaintiff requested punitive and treble damages for any claims made against the defendants, and $1.0 million per defendant for claims against them. Id.

In lieu of answering plaintiff's Amended Complaint, the City Defendants moved for dismissal based on Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment, and the State Defendants moved to dismiss the Amended Complaint based on Rules 12(b)(1) and 12(b)(6).   Ramsey County answered the Amended Complaint, and subsequently filed a motion for summary judgment.

Plaintiff moved for partial summary judgment against Ramsey County, and for partial summary judgment against the City of St. Paul, Choi, Skarda, Miller, Stephenson and McConnelly.

IV.   **STANDARD OF REVIEW**

    A.   **Rule 12(b)(1) Motion to Dismiss**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); see also Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).   In a facial challenge to jurisdiction, the court restricts its review to the pleadings and affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. See Osborn, 918 F.2d at 729 n. 6.   The court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject

matter jurisdiction.  See Titus, 4 F.3d at 593 (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982)); Osborn, 918 F.2d at 729 n. 6.

In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of 12(b)(6). See Titus, 4 F.3d 590 at 593; Osborn, 918 F.2d at 729 n.6.  "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."  Osborn, 918 F.2d at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3rd Cir. 1977)).

### B.    Rule 12(b)(6) Motion to Dismiss

A civil complaint will be dismissed upon motion by a defendant, if the plaintiff has failed to plead an actionable claim for relief against that defendant.  Fed. R. Civ. P. 12(b)(6).  To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendants under some established legal theory.

> At this stage of the litigation, we accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); Fed.R.Civ.P. 8(a)(2). The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S.Ct. at 1964-65 & n. 3. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) ("the complaint must allege facts, which if true, state a claim as a matter of law").

Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).  Thus, to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." <u>Twombly</u>, 127 S. Ct. at 1974.  <u>Pro se</u> complaints are held to less stringent standards than formal pleadings drafted by lawyers. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam). However, "[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions." <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985).

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss.  But, this does not mean that only the complaint itself may be reviewed.  As the court noted in <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999):

> When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' <u>Missouri ex rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1107 (8th Cir.), <u>cert. denied</u>, __U.S.__, No.98-1848, 1999 WL 319349 (U.S. June 24, 1999), as well as materials that are 'necessarily embraced by the pleadings.' <u>Piper Jaffray Cos. v. National Union Fire Ins. Co.</u>, 967 F. Supp. 1146, 1152 (D. Minn. 1997).  <u>See also</u> 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure: Civil 2d</u> §1357, at 199 (1990)(court may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint').

Therefore, documents attached to the complaint may be reviewed on a motion to dismiss, since they are part of the pleading,[5] as well as documents that are part of a public record.

---

[5] Rule 10(c) of the Federal Rules of Civil Procedure provides:  "**(c) Adoption by Reference; Exhibits.** . . . A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

### C.    Summary Judgment

Summary judgment is proper when, drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  The moving party bears the burden of showing that there are no genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  If the moving party carries its burden, the nonmoving party must point to specific facts in the record that create a genuine issue for trial.  Anderson, 477 U.S. at 256.  The non-moving party must "substantiate his allegations with sufficient probative evidence that would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy."  Wilson v. Int'l. Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995).

## V.    DISCUSSION

The City Defendants moved to dismiss, or in the alternative, for summary judgment for the following reasons: based on the Rooker-Feldman[6] doctrine, there is no subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).   Additionally, the City Defendants contended that plaintiff failed to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) because his  claims are barred by Heck v. Humphrey,[7] the applicable statutes of limitation, and the doctrines of laches, collateral estoppel and res judicata; plaintiff failed to exhaust appropriate administrative procedures; plaintiff's claims are barred by immunities set forth in Minn. Stat. § 466, including prosecutorial immunity; plaintiff has not established that the City Defendants have discriminated against him in

---

[7]     Heck v. Humphrey, 512 U.S. 477 (1994).

violation of 42 U.S.C. §§ 1983, 1985, 1986, 1988, 2000a and Minn. Stat. § 363A; plaintiff failed to establish that the City Defendants have unconstitutional policies or procedures or failed to properly train; plaintiff's claims of abuse of process, misrepresentation, malicious prosecution, denial of due process, libel, slander and intentional infliction of emotional distress fail as a matter of law.[8]   City Def. Mem. in Support, pp. 1-2 [Docket No.25].

In support of their motion to dismiss, the State Defendants argued that pursuant to Fed. R. Civ. P. 12(b)(1), this Court lacks subject matter jurisdiction of plaintiff's federal claims based on the Rooker-Feldman doctrine.   Additionally, the State Defendants submitted that pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's suit against them fails to state a claims for relief on grounds that the federal claims are barred by Heck v. Humphrey, and all claims are barred by the Eleventh Amendment.   State Def. Mem. in Support, p. 2.

Ramsey County moved for summary judgment pursuant to Fed. R. Civ. P. 56 on the grounds that plaintiff's challenge to his conviction for trespass was barred by Heck v. Humphrey; that plaintiff's § 1983 suit is against the county as an entity, and must be dismissed because he cannot show any unconstitutional policy or custom necessary to pursue such a claim; and that plaintiff's Amended Complaint fails to state a claim for relief.   Ramsey Def. Mot. for Summ. Judgmt., pp. 1-2 [Docket No. 50]

---

[8]   The City Defendants also moved to dismiss the Amended Complaint based on the fact that plaintiff had not failed them within 120 days of filing the Complaint, in violation of Rule 4(m) of the Federal Rules of Civil Procedure.   Plaintiff was granted in forma pauperis status on February 29, 2008 [Docket No. 10] and he served City Defendants on April 30, 2008 [Docket No. 49].   The Court finds that plaintiff had good cause for delaying service of the Amended Complaint on the City Defendants and that service was timely.

This Court finds that it is precluded from exercising subject matter jurisdiction of plaintiff's action against all defendants pursuant Rooker-Feldman.  Alternatively, even if it did have subject matter jurisdiction over this case, the Court concludes that Heck v. Humphrey bars all claims asserted by plaintiff in this suit.  Accordingly, the analysis below is confined to the application of Rooker-Feldman and Heck v. Humphrey to the instant case, and the Court declines to address the remainder of defendants' grounds for dismissal.

CASE 0:07-cv-04230-ADM-JSM   Document 83   Filed 02/17/09   Page 22 of 28

## A.    Rule 12(b)(1) – Subject Matter Jurisdiction and the Rooker-Feldman Doctrine

The City Defendants contended that the Court lacked subject matter jurisdiction over plaintiff's claims against them because all of the counts alleged in the present case are inextricably intertwined with the Minnesota state court's dismissal of his Ramsey County Court cases with prejudice and his criminal conviction in state court.  City Def. Mem., p. 7.  As such, according to the City Defendants, the Rooker-Feldman doctrine prohibits the Court from considering plaintiff's claims.  Id.  Likewise, the State Defendants argued that Rooker-Feldman bars plaintiff's federal claims because the claims can only succeed if the Court determines that the state court wrongly convicted plaintiff and that the state appellate courts wrongly affirmed that conviction.  State Def. Mem., p. 4.[9]

"The Rooker-Feldman doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions.  D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Such jurisdiction is vested only in the United States Supreme Court."  Prince v. Arkansas Bd. of Examiners in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (citing Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000)).

As such, a federal plaintiff who was unsuccessful in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself

---

[9]    Although Ramsey County did not make the argument that Rooker-Feldman precludes plaintiff's claims in this case, a federal court may raise jurisdictional issues sua sponte.  See Johnson v. City of Shorewood, 360 F.3d 810, 818 (8th Cir. 2004).  The Court finds that the doctrine is equally applicable to plaintiff's claims against Ramsey County.

violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416).   The Rooker-Feldman doctrine not only prohibits "straightforward appeals" of state judgments, but also federal review of matters "inextricably intertwined" with state court rulings.   See Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) (citing Lemonds, 222 F.3d at 492).   "A general federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'"   Lemonds, 222 F.3d at 493 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

In Exxon Mobil Corp. v. Saudi Basic Industries Corp. the Supreme Court reminded litigants of the limited reach of the Rooker-Feldman doctrine:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.[10]  Rooker -Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

544 U.S. 280, 284 (2005) (emphasis added).

While it is true that many of the claims against the City Defendants were alleged by plaintiff in prior state and federal actions, that in itself is not a basis for invoking the Rooker-Feldman doctrine.   The Rooker-Feldman doctrine only applies to those

---

[10]    For example, as the Supreme Court noted earlier in the Exxon Mobile decision, "Rooker was a suit commenced in Federal District Court to have a judgment of a state court, adverse to the federal court plaintiffs, 'declared null and void.' 263 U.S., at 414, 44 S.Ct. 149. In Feldman, parties unsuccessful in the District of Columbia Court of Appeals (the District's highest court) commenced a federal-court action against the very court that had rejected their applications."  544 U.S. at 283.

situations where a claimant has sued and lost in state court and then commences an

action in federal court seeking relief for an injury cased by the state court's decision.  As

the Fourth Circuit succinctly explained, following the Supreme Court's decision in <u>Exxon

Mobil Corp</u>:

> Under our prior cases, the <u>Rooker-Feldman</u> doctrine had been interpreted
> broadly to provide that the loser in a state-court adjudication was barred
> from bringing suit in federal court alleging the same claim or a claim that
> could have been brought in the state proceedings. <u>Exxon</u> teaches,
> however, that the <u>Rooker-Feldman</u> doctrine applies only when the loser in
> state court files suit in federal district court seeking redress for an injury
> allegedly caused by the state court's decision itself. Because Davani's suit
> does not challenge the state court's decision, and it instead seeks redress
> for an injury allegedly caused by Appellees, the <u>Rooker-Feldman</u> doctrine
> does not apply, and the district court's dismissal of Davani's complaint was
> in error.

<u>Davani v. Virginia Dept. of Transp.,</u> 434 F.3d 712, 713 (4th Cir. 2006).  "Rather, <u>Rooker-

Feldman</u> is implicated in that subset of cases where the losing party in a state court

action subsequently <u>complains about that judgment and seeks review and rejection of

it.</u>"  <u>Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc</u>., 487 F.3d 1154, 1157

(8th Cir. 2007) (citing <u>Exxon Mobil</u>, 544 U.S. at 292) (emphasis added)).

Here, plaintiff's Amended Complaint makes no mention of the state court

decision dismissing his civil cases.  Stated otherwise, plaintiff is not seeking redress

from any injury he may have suffered from Judge Higgs' order dismissing his five cases

– he is not seeking to declare the Judge Higgs' order null and void; he has not sought

review and rejection of it.  As such, the City Defendants' argument that <u>Rooker-Feldman</u>

applies because plaintiff is asking the Court to reverse the decisions of his Ramsey

County civil court cases is without merit.

However, that conclusion does not mean this Court has subject matter

jurisdiction over the instant action.  To the contrary, the Court agrees with the

contentions of the City Defendants and the State Defendants that <u>Rooker-Feldman</u> does bar jurisdiction over this suit because in the instant case, plaintiff is seeking to vacate his state court trespassing conviction.

Plaintiff was convicted of trespass by Ramsey County District Court Judge Stephenson.  Plaintiff then moved to withdraw his guilty plea, but Judge Stephenson, upheld plaintiff's conviction.   Judge Stephenson's denial of the petition for post-conviction relief was then affirmed by the Minnesota Court of Appeals, and the Minnesota Supreme Court denied review on December 20, 2006. <u>See</u> <u>O'Neal I</u>, 2006 WL 2947470 at *1.  Plaintiff then filed a second petition for post-conviction relief on August 21, 2007. <u>See</u> <u>O'Neal II</u>, 2008 WL 2496998 at *1.  That petition was denied, the Minnesota Court of Appeals affirmed the decision, and the Minnesota Supreme Court again denied review on August 5, 2008. <u>Id.</u>

In his Request for Relief, plaintiff specifically states that he is seeking a declaratory ruling that his conviction for trespass is invalid and an injunction precluding the City of St. Paul and Ramsey County from alleging that he has such a conviction. Additionally, every one of plaintiff's Counts against the defendants is premised on plaintiff's contentions that he never was actually convicted of trespass or should never have been convicted of trespass, and that he has suffered injury as a result of the defendants obtaining his conviction and stating that he was convicted of trespass. Plaintiff is seeking appellate review of his state court conviction in a United States District Court based on his claim that the conviction itself is violating his rights, exactly what is prohibited by the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Johnson</u>, 512 U.S. at 1005-1006.  Consequently, as all of plaintiff's claims against all defendants are inextricably intertwined with his effort in this suit to vacate his state court conviction, this Court finds

Rooker-Feldman bars this Court from exercising jurisdiction over plaintiff's suit.  On this basis, this Court recommends that plaintiff's suit against all defendants be dismissed in its entirety.

**B.    Rule 12(b)(6) – Heck v. Humphrey**

Even if this Court had not concluded that it had no subject matter jurisdiction over this suit based on the Rooker-Feldman doctrine, the Court further finds that plaintiff's claims are barred by the doctrine articulated in Heck v. Humphrey.  In that case, the Supreme Court held that "[i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid...a [42 U.S.C.] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994).

In the present case, all counts in the Amended Complaint are premised on a challenge by plaintiff to his trespass conviction for which if he were to be successful, would require a determination that his conviction was invalid.  Plaintiff has neither alleged nor presented evidence that his trespass conviction was reversed, or declared invalid or vacated; in fact, plaintiff's conviction has been upheld by both the Minnesota Court of Appeals, as well as the Minnesota Supreme Court.  See O'Neal II, 2008 WL 2496998 at *1; O'Neal I, 2006 WL 2947470 at *1;

Having failed to establish that his conviction for trespass has been declared invalid in any state or federal post-conviction proceeding, plaintiff cannot maintain a civil action seeking damages (or any other relief) based on that conviction.  Therefore,

26

based on <u>Heck v. Humphrey</u>, the defendants' motions to dismiss or for summary judgment should be granted in their entirety.

## VI.  PLAINTIFF'S MOTIONS

For the reasons stated above, this Court agrees with defendants that it does not have subject matter jurisdiction over this suit, and if it did, <u>Heck v. Humphrey</u> bars the action.  As such, plaintiff's First Motion for Partial Summary Judgment Against Defendants, Ramsey County [Docket No. 32] and First Motion for Partial Summary Judgment Against Defs. City; Choi; Skarda; Miller; Stephenson, and McConnelly [Docket No. 39] must be denied.

### <u>RECOMMENDATION</u>

For the reasons set forth above, it is recommended that:

1.  Defendants' City of St. Paul, Manuel Cervantes, Teresa Skarda, Andrea Miller, John J. Choi, and Jessica McConnelly Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 23] be GRANTED.

2.  Defendants' George T. Stephenson, David J. Gill, Autumn X. Nelson, and Unknown Student Attorney Motion to Dismiss [Docket No. 35] be GRANTED.

3.  Ramsey County's Motion for Summary Judgment [Docket No. 50] be GRANTED.

4.  Plaintiff's First Motion for Partial Summary Judgment Against Defendants, Ramsey County [Docket No. 32] be DENIED.

5.      Plaintiff's First Motion for Partial Summary Judgment Against Defs.
City; Choi; Skarda; Miller; Stephenson, and McConnelly [Docket
No. 39] be DENIED.


Dated:        February 17, 2009

                                *s/ Janie S. Mayeron*
                                JANIE S. MAYERON
                                United States Magistrate Judge


## NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 6, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this Rule shall be limited to 3500 words.   A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.